# THE STATE ex rel. KEHR, Appellant, v. TURNER et al.

### In Banc, February 27, 1908.

1. **CONSTITUTIONAL LAW: Dramshop: Five-Mile Law.** The Act of 1907, providing that "no dramshop license shall hereafter be granted to any person to keep a dramshop within five miles of any State educational institution which now has enrolled fifteen hundred or more students," applies only to one town in the State and cannot be made to hereafter apply to any other, and is local and special and unconstitutional.

2. ———: ———: **Questioned by Applicant for Dramshop License.** An applicant for a license to keep a dramshop, who otherwise complies in all things with existing valid law, under which he is entitled to a license, has the right to invoke the authority of the courts to have declared unconstitutional a special and local law which denies to him the right to a license.

3. ———: ———: **Two-Thirds Petition: Mandamus.** Where the applicant for a dramshop license presents a petition to the county court signed by two-thirds of the taxpaying citizens of the block, etc., and in all other respects meets the requirements of existing valid law, the court, under section 2993, Revised Statutes, 1899, has no discretion to refuse to grant him a license but must do so, and if it refuses to grant him such license he can by mandamus in the circuit court compel the county court to grant the license, and he has the right in such proceeding to have the court declare unconstitutional an act of the Legislature which the county court pleads as a bar to his right to the license.

Appeal from Boone Circuit Court.—*Hon. W. N. Evans, Special Judge.*

Reversed and remanded (*with directions*).

*E. W. Hinton* and *W. H. Rothwell* for appellant.

(1) When relator presented his application, taxpayers' petition, oath, bond, statement, etc., in strict conformity with the statutes, and the county court found all questions of fact in his favor, including the required two-thirds majority of qualified signers to his petition, then under the terms of the statutes (R. S. 1899, sec. 2993), the granting of a license became a

State ex rel. v. Turner.

purely ministerial duty, the performance of which he was entitled to enforce by mandamus, unless the Act of May 10, 1907, is a valid constitutional enactment. State ex rel. v. Meyers, 80 Mo. 601; Bean v. County Court, 33 Mo. App. 635; State ex rel. v. McCammon, 111 Mo. App. 626; Clark v. State ex rel., 33 So. 858. It was argued in the court below that since the relator had no inherent right to keep a dramshop, he could not question the constitutionality of the act in question because it did not deprive him of anything. This contention involves an obvious *non sequitur*. While it may be true that no one has a natural or inherent right to keep a dramshop, yet any one having the statutory qualifications in complying with the statutory conditions which make the granting of a license mandatory, has a statutory right to license which he can enforce by mandamus under an unbroken line of authorities in this State. Bean v. Co. Ct., 33 Mo. App. 635; State ex rel. v. McCammon, 111 Mo. App. 626; Clark v. State ex rel., 33 So. 858; Ex parte Smith, 135 Mo. 223; In re Flukes, 157 Mo. 125; Boales v. Ferguson, 76 N. W. 18; Board of Liquidation v. McComb, 92 U. S. 541; Norton v. Shelby Co., 118 U. S. 442. (2) The Act of May 10, 1907, is void as a local and special act within the prohibition of section 53, article 4, of the Constitution, because its operation is restricted to existing conditions, so that it can never apply to other localities, though they may subsequently attain precisely the same conditions. State ex rel. v. Herman, 75 Mo. 353; State ex rel. v. County Court, 89 Mo. 237; Murnane v. St. Louis, 123 Mo. 479; Henderson v. Koenig, 168 Mo. 375; State ex rel. v. Messerly, 198 Mo. 351.

*F. G. Harris* and *Don C. Carter* for respondents.

(1) The Act of May 10, 1907, suspended and rendered inoperative, at all places within five miles of the State University, section 2993, R. S. 1899. Hence,

relator was not entitled to a license to keep a dramshop at Columbia. The act prohibited the county court from granting to relator a license to keep a dramshop at Columbia, and until some one complains, whose rights it invades, the act is assumed to be valid. State v. Seebold, 192 Mo. 730. (2) A statute prohibiting the sale of liquor in certain specified localities is not to be held unconstitutional merely because its application is limited and not general. The Legislature may prohibit such sales in places where, by reason of the character of the place itself, or of the neighborhood, the traffic is likely to be unusually dangerous or detrimental to the morals or good order of the community, as within a certain distance of a school, college or institution of learning. Boyd v. Bryant, 35 Ark. 69; Butler v. State, 89 Ga. 821; State v. Frost, 103 Tenn. 685; Hatcher v. State, 12 Lea (Tenn.) 368; State v. Ranscher, 1 Lea (Tenn.) 96; Pleuler v. State, 11 Neb. 547; 23 Cyc. 65, 82. (3) But if relator's contention "that this is a special and local act, and therefore void," should be held to be true, we contend that relator is in no position to question the constitutionality of the act. "It is a firmly-established principle of law that no one can be allowed to attack a statute as unconstitutional who has no interest in it and is not affected by its provisons." 8 Cyc. 787. As was said in Jones v. Black, 48 Ala. 540, quoted in State v. Seebold, 192 Mo. 720, "Nor will a court listen to an objection made to the constitutionality of an act of the Legislature by a party whose rights it does not specially affect. An act of the Legislature will be assumed to be valid, until some one complains whose right it invades; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void, as to him, his property or his rights, that the objection of unconstitutionality can be presented and sustained." Shehane v. Bailey, 110 Ala. 308.

WOODSON, J.—This is a proceeding by manda-mus, instituted by relator in the circuit court of Boone county, against respondents as judges of the county court of that county, to compel them to issue to him a license to keep a dramshop in the city of Columbia.

The allegations of the alternative writ, which are confessed by the return, show that more than ten days before the September adjourned term, 1907, of the Boone County Court, the relator filed his application for a dramshop license, setting forth that he was an assessed, tax-paying, law-abiding male citizen, above twenty-one years of age, duly qualified by law, and applying for license to keep a dramshop in the Farley building in one of the blocks of the city. No question is made as to the sufficiency of this application.

At the same time relator filed his tax-payers' peti-tion, which was signed by more than two-thirds major-ity of the owners both of real estate and of property of all descriptions in the block. At the September ad-journed term the petition and application were laid before the court, and relator tendered the statutory bond, oath, statement, etc. At the hearing, the county court entered an order finding all the facts necessary to make the granting of license mandatory, but denied the application on account of the provisions of the Act of May 10, 1907 (Laws 1907, p. 257), popularly known as the "Five-Mile Act."

At the October term of the Boone Circuit Court the relator applied for and obtained an alterative writ of mandamus, which sets out the foregoing matters in great detail.

The respondents admitted the allegations of the writ, and pleaded the following provisions of the Act of May 10, 1907, in justification of their refusal to grant the license, viz:

"Section 1. No dramshop license shall hereafter be granted to any person to keep a dramshop within

five miles of any State educational institution which now has enrolled fifteen hundred or more students.''

Relator filed his motion for the peremptory writ on the ground that this was a local and special act within the prohibition of section 53, article 4 of the Constitution.

This motion was submitted on an agreed statement of facts to the effect that the proposed dramshop was within five miles of the State University which had enrolled fifteen hundred or more students, and that the University was the only one of the State educational institutions which had the required enrollment.

The court overruled the motion and entered its judgment denying the writ.

After an unsuccessful motion for a new trial, the relator tendered and filed his bill of exceptions, and now brings this case to this court by appeal.

I. The relator's first contention is, that when he presented his application to the county court for a dramshop license, accompanied by the tax-payers' petition, oath, bond and statement, in compliance with the statutes governing such matters, and when that court found all the facts in the case in his favor, including the required two-thirds majority of qualified signers to his petition, then, under the provisions of section 2993, Revised Statutes 1899, it became the duty of the court to grant to him the license prayed for, and that it had no discretion in the matter, and that mandamus is the proper remedy to compel that court to issue the license.

If the Act of May 10, 1907, is unconstitutional, then, clearly, relator is entitled to have the peremptory writ to issue.

This question first came before this court in the case of State ex rel. v. Meyers, 80 Mo. 601, and the court in that case, speaking through NORTON, J., on page 609,

210 Sup—6

used the following language: "When a petition is pre-sented under section 5442 [R. S. 1879], for a license to keep a dramshop in a city containing 2,500 inhabitants or more, if it is signed only by a majority of the as-sessed tax-paying citizens in the block where the dram-shop is proposed to be kept, the county court, in their discretion, may or may not grant the license; but if such petition is signed by two-thirds of the assessed tax-paying citizens of such block or square, and the court is satisfied that the applicant is of good character, section 5438 declares that the court 'shall grant the license.' This language is imperative and mandatory, and deprives the court of discretion in the matter, and imposes on the court the duty of granting license to the applicant, if he be of good character, and complies with all the requirements of the statute as to filing affidavit, giving bond," etc.

There is no material change made in section 5438, Revised Statutes 1879, by section 2993, Revised Stat-utes 1899, the statute now under consideration, and, of course, what was said by this court in that case is equally authoritative in the case at bar.

The following cases are to the same effect: Bean v. County Court, 33 Mo. App. 635; State ex rel. v. Mc-Cammon, 111 Mo. App. 626; Harlan v. State ex rel. (Ala.), 33 So. 858.

II. This brings us to the consideration of the main legal proposition presented by this appeal for determi-nation, and that is the constitutionality of the Act of May 10, 1907, which is as follows:

"Section 1. No dramshop license shall hereafter be granted to any person to keep a dramshop within five miles of any State educational institution which now has enrolled fifteen hundred or more students.

"Sec. 2. All acts and parts of acts in so far as they are inconsistent or in conflict with this act are here-by repealed."

Relator insists that this act is violative of section 53 of article 4 of the Constitution of 1875, which prohibits the Legislature from enacting any statute which is special or local in its operation.

The agreed statement of facts shows that the State University is located in Columbia, and that it was the only State educational institution which had enrolled fifteen hundred or more students at the time said act went into effect. According to this agreement the act could only apply to a section of country ten miles in diameter around the University, because there is no other State educational institution which had at the time fifteen hundred or more enrolled students; nor could the act ever apply in the future to other localities of the State, even though some one or more of the State educational institutions should have an enrollment of fifteen hundred students, for the reason that the act in express terms limits its operation to such localities as then had State institutions of learning, with an enrollment of fifteen hundred or more students. In other words, this act only applies to Columbia, and can never apply to other portions of the State although the same conditions may subsequently exist there. This being true, the act is clearly local and special in its operation; as much so as if it had named Columbia in express terms and then provided that no license should thereafter be granted to any person to keep a dramshop within five miles thereof.

Similar statutes have many times been before this court for consideration, and we have uniformly held them to be unconstitutional and void, as will be seen by an examination of the following adjudications: State ex rel. v. Herrmann, 75 Mo. l. c. 353; State ex rel. v. County Court, 89 Mo. 237; Murnane v. St. Louis, 123 Mo. 479; Henderson v. Koenig, 168 Mo. l. c. 375; State ex rel. v. Messerly, 198 Mo. 351.

III. The respondents do not seriously controvert the correctness of the legal propositions above enunciated, but suggest that because the relator has no inherent right to keep a dramshop he cannot question the constitutionality of the Act of May 10, 1907, because it does not deprive him of any right.

The basis of this contention is predicated upon what is said by this court in the case of State v. Seebold, 192 Mo. 720. It is there said, on page 731: "Nor will a court listen to an objection made to the constitutionality of an act of the Legislature by a party whose rights it does not specially affect. An act of the Legislature will be assumed to be valid, until some one complains whose right it invades; and it is only when some person attempts to resist its operation, and calls in the aid of the judicial power to pronounce it void, as to him, his property or his rights, that the objection of unconstitutionality can be presented and sustained."

While the language there used lends color and plausibility to respondents' contention, yet what is there said must be read in the light of the facts involved in that case, and when so read it is not an authority sustaining their position.

In that case Seebold had applied for and received a license to keep a dramshop in the city of St. Louis, under what is known as the excise laws. Those same laws authorized the excise commissioner to revoke the license of a dramshop keeper for keeping his dramshop open on Sunday. Seebold violated said laws by keeping open on Sunday, and the excise commissioner revoked his license. Notwithstanding the revocation of his license he continued to keep a dramshop, and he was indicted therefor. Upon the trial he interposed an objection to the validity of the statute which authorized the excise commissioner to revoke his license; and, in passing upon that question, this court held that he would not be heard to complain of the constitution-

ality of the very act under which he procured and held his license. In other words, he would not be permitted to hold his license under the act and at the same time challenge the constitutionality of the act itself.

The ruling in that case was unquestionably sound, for the reason that if the act under which Seebold procured his license was unconstitutional and void, then he, in fact, never held a valid license nor any vested right thereto; and when the excise commissioner revoked the license he was deprived of no vested right by that act of the commissioner. He will not be heard to claim that the act was valid and sufficient to vest in him the license and the right to conduct a dramshop, and in the same breath contend that the act is invalid when it is sought to deprive him of that license and those rights which he has forfeited by violating' the provision of the same act. He cannot thus affirm and disaffirm the validity of the same act.

But this is not the question involved in the case at bar. In this case the relator is, under section 2993, entitled to his license whenever he complies with all of the requirements of the Dramshop Act. He is basing his right to a license upon a valid and constitutional statute; and this court has heretofore held that under the showing made in this case he is entitled to it, and that the county court has no discretion in the matter.

We are therefore of the opinion that the judgment of the circuit court should be reversed and the cause remanded with directions to issue the peremptory writ as prayed; and it is so ordered.

All concur.