THE STATE ex rel. CLARENCE ROWAN v. JOHN H. POLLOCK, Justice of Peace for Kaw Township of Jackson County.

In Banc, October 7, 1925.

1. **JUSTICE OF PEACE: Classes.** All justices of the peace of a township, whether elected or appointed, and whether the compensation is a salary or fees, constitute a class, and the fact that some of them receive a salary and others fees affords no basis for a statute dividing them into different classes and making actions cognizable only before those receiving a salary.

2. ———: **Classification of Jurisdiction According to Manner of Compensation: Local Law.** The different manner in which justices of the peace in a single township are paid furnishes no reasonable basis for a classification of their jurisdiction, or for dividing them into different classes and providing that the members of one class shall have jurisdiction to try cases and the others shall not.

State ex rel. Rowan v. Pollock.

The statute (Sec. 2726a, Laws 1925, p. 172) declares that "in all municipal townships, which now contain or may hereafter contain a city of more than two hundred thousand and less than six hundred thousand inhabitants, and in which justices of the peace are paid a salary, every action recognizable before a justice of the peace against a defendant residing in such township shall be brought before such salaried justice of the peace of said township, and no other; and any judgment rendered contrary hereto shall be null and void, except in actions of attachment." Another statute provides for eight districts for such townships and eight justices to be elected, one for each district, and they are salaried; and provision is made for other justices for the township as necessity appears, and they are appointed by the county court, and are paid by fees, and there is express authority in the Constitution for the appointment or election of "as many justices of the peace as the public good may require." *Held*, that, although said Act of 1925 at the present time applies to only one township, it is not invalid because of that fact, because there is a possibility that at a later date there may be other townships to which it could apply; but it, nevertheless, attempts to divide justices of the peace at the present time in a single township into two classes, those receiving salaries and those who serve on a fee basis, and to determine their jurisdiction by the manner of their compensation, and is a local and special law, pure and simple, and violative of Paragraph 32 of Section 53 of Article IV of the Constitution, and void.

3. ———: Classification of Jurisdiction by Local Law.   A statute which permits suit to be brought against a resident of the township only before a salaried justice, but permits a suit to be brought before a justice whose compensation is fees against a person who resides outside the township but chances to be in the township, and applying to only one township at the time of its enactment, is void, as an unreasonable classification of jurisdiction under the clause of the Constitution (Par. 17, Sec. 53, Art. 4) declaring that the General Assembly shall not pass a local or special law "regulating the practice or jurisdiction" of courts or justices of the peace.

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 205, p. 776, n. 43. Justices of the Peace, 35 C. J., Section 6, p. 454, n. 61.   Pleading, 31 Cyc. p. 606, n. 28.   Statutes, 36 Cyc., p. 986, n. 71; p. 991, n. 87; p. 1013, n. 61.

## Prohibition.

PRELIMINARY RULE QUASHED.

*W. W. Graves, Jr.*, and *E. M. Tipton* for relator.

(1) This act is presumed to be constitutional. Its unconstitutionality must appear beyond a reasonable doubt before it can be declared unconstitutional. State ex rel. v. Exchange, 269 Mo. 346; County v. Lydy, 263 Mo. 77; Strangham v. Myers, 268 Mo. 580.; Wire Co. v. Woolbrinck, 275 Mo. 339; State ex rel. v. Com., 270 Mo. 547; State v. Railroad, 242 Mo. 337; Ex parte House, 227 Mo. 617. (2) The act of 1925 is a valid act and does not conflict with any of the provisions of the Constitution. State v. Railroad, 242 Mo. 339; Hawkins v. Whittaker, 242 Mo. 688; State ex rel. v. Railroad, 246 Mo. 512; Randolph v. Springfield, 257 S. W. 449.

*John T. Barker* for respondent.

(1) The attempt to separate justices of the peace in Kaw Township into two classes—salaried and nonsalaried—renders said act unconstitutional and void. Sec. 53, Art. 4, par. 32, Mo. Constitution; State ex rel. v. Kimmell, 256 Mo. 611; State ex rel. v. Railroad, 246 Mo. 514; State ex rel. v. Taylor, 224 Mo. 477; State ex inf. v. Hedrick, 241 S. W. 425; State ex rel. v. Gordon, 236 Mo. 162; State ex rel. v. Roach, 258 Mo. 563; Lige v. Railroad, 204 S. W. 510; 1 Lewis's Sutherland on Stat. Con., 7199; Cooley's Const. Lim. (6 Ed.) 481, 482. (2) The Act of 1925 allows residents of Kaw Township to be sued only before a salaried justice of the peace, but allows residents of other townships found in Kaw Township to be sued before any justice of the peace. This is an unjust discrimination and renders the act void. State ex rel. Saline Co. v. Wilson, 232 S. W. 140; Sec. 53, Art. 4, par. 32, Mo. Constitution; State ex inf. v. Hedrick, 241 S. W. 425; State ex rel. v. Kimmell, 256 Mo. 639; State ex rel. v. Roach, 258 Mo. 563; Lige v. Railroad, 204 S. W. 510. (3) Said act, in depriving respondent of his jurisdiction, in effect abolishes his office and is unconstitutional. Sec. 37, Art. 6, Mo. Constitution; State ex rel. v. Gordon, 236 Mo. 161; State ex rel. v. Seattle, 4 A. L. R. 211; 29 Cyc. 1368.

GRAVES, C. J.—Conditions, not necessary to mention, have cast the burdens of this case upon me. The case arises in this manner. In 1923, the respondent was duly appointed a justice of the peace for Kaw Township in Jackson County, Missouri, under and by virtue of Section 2689, and his term by the same statute expires upon the general election day in 1926. In 1925 the General Assembly passed an act, amending Article 2, Chapter 22, Revised Statutes 1919, by adding a new section thereto to be known as Section 2726a (Laws 1925, p. 172.) This section reads:

"The provisions of this article shall be subject to this proviso, to-wit: That in all municipal townships, which now contain or may hereafter contain a city of more than two hundred thousand inhabitants and less than six hundred thousand inhabitants, and in which justices of the peace are paid a salary, every action recognizable before a justice of the peace against a defendant residing in such township shall be brought before such salaried justice of the peace of said township, and none other; and any judgment rendered contrary hereto shall be null and void, except in actions by attachments as is now or may be hereafter provided."

After this act took effect (if it could be effective under the Constitution), one Fred W. Lewis, as plaintiff, filed a suit upon account against the relator here, as defendant below, before John H. Pollock, respondent herein. Respondent filed the case, took the filing fee of $3 and issued a summons for relator here, as the defendant in Pollock's court. Summons was duly served and Pollock, the respondent, purposed to hear and determine this simple action upon account for $150. Relator brought this action in prohibition on the ground that Pollock was wholly without jurisdiction, this said relator being at the time a resident of Kaw Township in Jackson County. Respondent made a lengthy return, raising, among other things, the constitutionality of the Act of 1925 from several different angles, the details

of which we leave for further discussion. Motion for judgment upon the pleadings completes the record here. It will be noticed that the law says, "against a defendant residing in such township," so that respondent is stripped of all jurisdiction except in attachment proceedings, and in cases where the defendant does not reside in the township, but, perchance, might be found in the township, and the plaintiff chanced to be a resident of the township. And, all this because respondent is a fee justice of the peace, rather than one of the eight salaried justices, provided for by Section 2688, Revised Statutes 1919. This is a concise outline of the case, and the divers objections urged in the return can be noted in the course of the opinion, so far as they become pertinent and necessary.

I. The office of justice of the peace is a constitutional office and is provided for by Section 37 of Article VI of our Constitution, thus: "In each county there *shall* be *appointed,* or elected, as many justices of the peace as the public good may require, whose powers, duties and duration in office shall be regulated by law."

Note that they may be either appointed or elected, but they shall constitute a class, i. e., justices of the peace.

Classes. Under this constitutional provision, Sections 2688 and 2689 provides for justice of the peace in a situation such as we find in Kaw Township. The first section provides for eight districts and for eight justices to be elected—one for each district. Under further provisions these eight officials are salaried. Under the second named section, the officer is appointed as the necessity of the situation appears to the county court, and such officers serve upon a fee basis. There is express authority in the Constitution for appointment of justices of the peace and such fact can furnish no reasonable basis for a valid classification. It is contended that the difference between fees and salary is not suffication for a valid classification, and yet this is the sole basis fixed by the statute before us. Study the wording of

the statute for just one moment. In it the lawmakers give their reason for the act, and we need not go further. The return shows the number of cases to be disposed of by all the justices and the number disposed of by the justices on a fee basis. The motion for judgment on the pleadings admits these facts and, therefore, admits the necessity for these justices with full jurisdiction. This is a mere sidelight, however, and one of no real value in determining the case. There are real vital questions in the case, although they affect only justices of the peace. To these we shall address ourselves in the following paragraphs.

II.   The individual rights of this respondent are not so great as is the principle involved. It is a matter of vital importance to the jurisprudence of the State that legislative acts be kept within constitutional bounds, and this overshadows the mere pecuniary and legal rights of the respondent. We feel called upon to write for the greater reason rather than the lesser one, which latter clusters around the particular rights of the respondent. The greater goes to the very vitals of juris-

Local and General Law. prudence and the fixed rules of law. Justices of the peace have been classified, both as to number and as to compensation, according to the population of their communities. This has been done in the instant case by virtue of the two sections (Secs. 2688 and 2689) to which reference has been made. The class under these statutes, in this particular case, are justices of the peace within any prescribed township which falls within the statutory terms. At this time there is no township within this State which falls within the statutory terms, except Kaw Township, in Jackson County. At a later date it is barely possible that other townships may fall within the class, which class has been made general only by this bare possibility. Otherwise this classification would fall. At this date the general class is, justices of the peace in Kaw Township, Jackson County, Missouri. This general class the proposed law

310 Mo. Sup.—40.

subdivides into two classes: (1) Justices paid by fees and (2) justices paid by salaries. Then the law proceeds to a further classification as to jurisdiction and this is one of the vital questions and is one which not only affects respondent, but the residents of the territory served by him, and the residents of the territory served by other justices similarly situated. So the whole interest is not centered around the respondent, who chances to be a justice of the peace, but there is the general public which is vitally interested in the classification of their business. They all ask whether or not the classification as to jurisdiction has a reasonable basis upon which to stand. The litigants now before these courts and the prospective litigants more than five miles from a salaried justice are propounding this question of a reasonable basis for a classification to this court at this time. Of the two respective subclassifications later.

III. A reason urged by learned counsel is, that salaried justices should transact the business because the fees would reimburse the treasury for salaries paid, might be a sound reason for abolishing the offices by the county court, when they come to appointing these outside Classification justices, but is not a sound reason for of Jurisdiction. cutting down their jurisdiction or classifying upon an unreasonable basis the jurisdiction of justice's courts. I do not gather from the brief that the mere fact that one justice is paid by fees, and another by salary, standing alone, would justify the classification as to jurisdiction. As we gather it from the briefs, it takes this and more to justify the classification.

The supposed class struck at by this Act of 1925 is justices of the peace doing business on a fee basis. If there could be such a classification, why not by general law? There are many of them in Missouri (some elected and some appointed).; why not a general law fixing a jur-

isdiction for all members of this particular class? [Sec. 53, par. 32, Art. IV, Mo. Constitution.] Is there any substantial reason why there should not be such general law applicable to the whole class, rather than to that small portion of the class in Kaw Township? Do not overlook the fact that these places in Kaw Township are only temporary (Sec. 2689) and the appointments made to meet the legimate exigency for an additional justice in the township or a justice for some village in the township, which village has a population of two hundred inhabitants or more. Suppose some little town of two hundred or more should spring up in Kaw Township, with an absolute need of a justice of the peace, with all the powers of a justice of the peace under the general law, this Act of 1925 would cut down the jurisdiction to attachment suits and such other suits where the defendant could be caught in the township. No action could be brought against resident individuals before such local justice, and all because he, of a thousand justices of the peace in Missouri on a fee basis, is barred of jurisdiction because he chances to be in Kaw Township. So, if justices on a fee basis are to be the class, as this Act of 1925 makes them the class, then a general law should be passed covering all members of the class. This act is a local and special act at this time covering only Kaw Township and is violative of Section 53, paragraph 32, of Article IV of the Constitution. The general rule as to unreasonable classifications is well settled in this State. [State v. Walsh, 136 Mo. l. c. 405; State v. Julow, 129 Mo l. c. 176; State ex rel. v. Taylor, 224 Mo. l. c. 447; State ex rel. v. Kimmel, 256 Mo. l. c. 639; State ex rel. v. Gordon, 236 Mo. l. c. 162; State ex rel. v. Roach, 258 Mo. l. c. 568 et seq.] Other cases might be cited, but they all are to the effect that if there is no reasonable basis for the classification, then the law becomes a local and special law, where a general law might be applicable, and thereby violates the Constitution. This Act of 1925 selects a class, i. e., justices of the peace, whose services are paid for by fees, and then subdivides that class so as to reach two justices of the

peace in Kaw Township, and says that is a reasonable basis for a classification as to jurisdiction. It is a local act, pure and simple. Jurisdiction of justices is the proper subject-matter of a general law. We have such laws based upon population, which is a reasonable basis for classification, but not until now have we ever had one based upon the flimsy pretense that the manner in which the justice is paid furnishes a reasonable basis for classification as to jurisdiction of the court.

IV. As we have suggested, the return in this case attacks the classification as to jurisdiction upon the broader ground, i. e., that it is an unreasonable classification as to the public, among which are the litigants. This Act of 1925 says to the party (whether the State or a private individual), If you want to sue a resident of Kaw Township on a note or an account, you must leave the justice of the vicinity (who was appointed because of necessity) and travel over five miles to a salaried justice of the peace. But if you want to sue a person on a similar cause of action who chances to be in Kaw Township, then you can use your local justice. Are the rights of litigants to their local court to be frittered away upon such a flimsy basis for a classification? Section 53 (par. 17) of Article IV of the Constitution says: "The General Assembly shall not pass any local or special law: . . . Regulating the practice or *jurisdiction* of, or changing the rules of evidence in any judicial proceeding or inquiry before courts, justices of the peace," etc. Here we have a local law regulating the jurisdiction of justices of the peace, in violation of this provision of the Constitution. The law is local because there is no reasonable basis for the classification either as to the justices of the peace or the litigants within his territorial jurisdiction. Litigants, actual and prospective, have an interest in this unreasonable classification.

On the question of unreasonable classification as to litigants, we have but recently ruled. [State ex rel.

Saline Co. v. ᶠWilson, 232ᵢ S. W. 1. ᵢc. 143 (opinion, Paragraph II) et seq.]

We conclude by saying that there is no angle from which you can view this law which would not make of it an unreasonable classification as to jurisdiction. If the lawmakers want to abolish the offices, well and good, but they should not ask this court to sustain a classification, either as to the courts attacked or their jurisdiction, upon the flimsy and unreasonable basis which forms the heart of this act.

Our preliminary rule is quashed and the permanent writ of prohibition denied. All concur, except *Ragland, J.,* who dissents.