STATE EX REL. GORDON B. WALLACE ET AL., RESPONDENTS, v. CHARLES E. SUMMERS, JUSTICE OF THE PEACE ET AL., APPELLANTS.

Kansas City Court of Appeals. June 25, 1928.

*Ed. E. Naber, F. E. Burroughs, Fred M. Roberts, S. M. Carmean* and *George E. Kimball* for respondents.

*William C. Forsee* and *Forsee & Forsee* for appellant.

ARNOLD, J.—In April, 1927, the circuit court of Jackson county, Missouri, at Independence, granted a writ of prohibition in favor of respondent Gordon B. Wallace and eighteen other persons similarly situated. Later the writ was made permanent and the cause is before us on an appeal from that judgment.

A suit, based on a foreign judgment in favor of Olaf A. Johnson, commissioner of finance of the State of Wisconsin, was instituted against respondents herein in the court of a justice of the peace of Brooking township and by change of venue was lodged in the court of Charles E. Summers, a justice of the peace in and for Blue township in Jackson county, Missouri. The Wisconsin judgment had been rendered against respondents by reason of their having previously been members, stockholders or policyholders in a mutual insurance company which was in liquidation. All of the respondents were residents of Kaw township, Jackson county, Missouri.

The first question for our consideration is: Has a justice of the peace for Blue township, Jackson county, Missouri, jurisdiction over the subject-matter or the person of a defendant who resides in Kaw township in said county, except in actions by attachment? This brings us to a consideration of sections 2722 and 2726, Revised Statutes 1919, the last as amended by the Laws of 1925, page 172, and known as section 2726a. The section last named attempts to classify justices of the peace as salaried justices and fee justices. The Supreme Court in State ex rel. v. Pollock, 310 Mo. 620, 276 S. W. 20, declared such classification unconstitutional. Appellant argues this decision of the Supreme Court only struck out that part of the section which distinguished between salaried and fee justices, thereby allowing the remainder of the section to operate fully. We think, however, under the reasoning of the Supreme Court, the whole section was declared unconstitutional and that it is null and void. The section had no other purpose than to distinguish between salaried and fee justices and the ruling of the court undoubtedly was intended to abrogate the entire section.

This brings us to the construction of section 2726, Revised Statutes 1919. This section provides that all municipal townships which now contain a city of 100,000 inhabitants and less than 300,000, and in which justices of the peace are paid a salary, every action recognizable before a justice of the peace against a defendant residing in such township shall be brought before some justice of the peace of said township and none other; and any judgment rendered contrary thereto shall be null and void, except in actions by attachment as may now or hereafter be provided. It may be conceded that at the time of the passage of this section Kaw township, in which Kansas City is situated, was the only township affected. Since that time Kansas City has grown in population and at the time this suit was filed, had

over 300,000 inhabitants. The question then presented is: Does a township grow out of a law by increase of population? The Supreme Court in State ex rel. v. Ryan, 232 Mo. 77, 133 S. W. 8, had before it the question as to whether or not the city of St. Joseph by a decrease of population dropped out of the provisions of a law similar to the section we now have under consideration. We must take judicial cognizance of the national census in State ex rel. v. Ryan, supra. In that case the court says, l. c. 93:

"If St. Joseph, the only large city making the law operate in Buchanan, has 77,000 inhabitants and that county can stay in the 100,000 class, then (as put by relator) although Springfield in Greene, Joplin in Jasper, or Sedalia in Pettis, might have the same population yet the counties of Greene, Jasper and Pettis would be effectually barred from the benefits of the statute. Thereby, we would have one law for one county and another law for another county of the same population, though population is the sole pretended basis of classification. Such construction with one stroke mutilates the symmetry and general scope of the law, makes it local in terms and application —in other words, the whole act perishes by construction. Therefore, if there is any other reasonable construction we should take that in order the law may stand and not fall."

Again the court says, l. c. 93:

"There is another construction entirely consistent with the reason of the thing, which (unless we are constrained by the strict letter of the law) we should give, which is; that the statute opens automatically to let in (and out) of the same door those counties to which the law applies—the door swinging on a double hinge—in and out. That is, a county gets in, or stays in or goes up to a higher or down to a lower class all by virtue of the law. This view treats the situation, needing correction, as a continuous one. Such a construction, if allowable, is due to the law-making branch of the government, because it would be odious to assume that lawmakers (absent unmistakable evidence of the fact) intended to fly in the face of the unaccommodating sternness of the constitutional interdiction against special legislation."

As we read the Ryan case we conclude that to construe the statute as holding within its terms only municipal townships, as of the time of the passage of the act, would render the act unconstitutional. Therefore we hold under this authority that a municipal township grows out of a law by reason of decrease in population as well as growing into a law by reason of increase in population. [State ex rel. v. Ryan, supra; State ex rel. v. Williams, 310 Mo. 267, 275 S. W. 534; State ex rel. v. Turner, 210 Mo. 77, 107 S. W. 1064.] Under authority of the Ryan case from which we have quoted, we are compelled to hold that justices of the peace in Kaw township fall within the pro-

visions of the general law. The general law allows suits to be brought in townships wherein the defendants (or one of them) reside, or in any adjoining township. [Section 2722, Revised Statutes 1919.] We hold, therefore, that there was no excess of jurisdiction in bringing suit in the adjoining township and that Charles E. Summers had jurisdiction in this action.

This brings us to the second question as to the judgment of the circuit court of Milwaukee county, Wisconsin. This is divided into two parts: First, Can the question of the validity of a foreign judgment be passed upon in a writ of prohibition? Second, If it can be so passed upon, is it null and void? In State ex rel. Mueller v. Wurdeman, 232 S. W. (Mo.) 1002, l. c. 1004, the court said:

"While we are satisfied that relators had a complete, effective, and speedy remedy by appeal, and that this court, in the exercise of its discretionary powers in issuing writs of prohibition, might well have refused to have issued the preliminary writ, yet, since the cause is before us, and we are plainly within our powers in so doing, we will proceed to dispose of the case on its merits."

In State ex rel. v. Fisher, 230 Mo. 325, 130 S. W. 35, the Supreme Court, without any question being raised, considered the effect of a foreign judgment. We may, therefore, consider the validity of the Wisconsin judgment herein. The record shows the respondents were not members, stockholders or policyholders of the insolvent company at the time the liquidation proceeding was commenced, or at any time thereafter, and at all times were residents of the State of Missouri. Since the petitioners herein were not at any time within the State of Wisconsin, service on the defunct insurance company which was the only service had, was not service on these petitioners and they were not parties to the liquidation proceedings in Milwaukee. Sections 1941-7, Revised Statutes 1915, Wisconsin, read in part, as follows:

"Members—Their Liability—Every person to whom any policy is issued shall be deemed a member of such corporation while such policy is in force. . . ."

In the case of Hubert v. Martin et al., 127 Wis. 412, the court, in construing a similar statute, said:

"Section 3, chapter 278, Laws 1854, provides that 'every person who shall at any time become interested in said company by insuring therein, and also his heirs, executors, administrators and assigns, continuing to be insured therein . . . shall be deemed and taken to be members thereof for and during the term specified in their respective policies, *and no longer*.' " (Italics ours.)

The opinion further holds:

"It is laid down by text-writers, based on authority: 'Membership dates in each case from the time when the insurance is effected,' and 'membership in a mutual insurance company ceases upon the termination of the policy.' "

Nothing to the contrary being presented for our consideration, we must conclude this decision properly interprets the law in Wisconsin on this point. In Missouri the law on this subject is declared in Wilson v. Railway, 108 Mo. 588, et seq., an opinion by SHERWOOD, J., wherein it is said:

"The tribunals of one State have no jurisdiction over the persons of other States, unless found within their territorial limits; they cannot extend their process into other States, and for any attempt of the kind would be treated in every other forum as an act of usurpation, without any binding efficacy. . . .

"Even if a State has passed a statute authorizing its courts to take jurisdiction of personal actions against debtors or others who cannot be reached by process, or against property actions, when the property cannot be seized, actually or constructively; and if the courts proceed accordingly, and render judgments, such judgments are not to be regarded by the courts of other States, nor by Federal courts sitting within the State, nor by courts of the State itself, for the reason that no State can exercise power beyond its bounds, nor conclude persons or property beyond them."

Appellant cites In re Whitman, 201 N. W. (Wis.) 812, in support of the validity of the Wisconsin judgment herein. There the appellant (Yellow Taxicab Company) was a member of the Automobile Liability Company, Limited Mutual, at the time of the liquidation proceedings, filed claims therein, entered appearance and was actually a party to the action. The court dismissed the appeal on the ground that after rendition of the judgment therein the appellant made no motion, nor took any proceedings "to vacate, annul, cancel or set aside the decree. . . ." The rulings in that case have no bearing on the matters here presented. Our Supreme Court in the case of Stuart v. Dickinson, 290 Mo. 516, 547, 235 S. W. 446, said:

"Citizens are not driven to foreign States to protect their rights. If they have a legal right, or are being subjected to a wrong, they may look for protection to the tribunal having jurisdiction over them and the subject-matter, if the opposite party has placed himself within this jurisdiction."

See Western Assurance Co. v. Walden, 238 Mo. 49, 62. We think it would be useless to pursue this point further. The law is all one way on the question. We hold, therefore, the trial court was not in error in considering the validity of the Wisconsin judgment and in holding said judgment void.

The judgment is affirmed. *Bland, J.,* concurs and files separate opinion; *Trimble, P. J.,* absent.

CONCURRING OPINION.

BLAND, J.—This cause involves suits directly upon a foreign judgment, which judgment by reason of its peculiar nature, is not

conclusive upon the defendants sued in the justice court of the respondent, Summers. The judgment is only prima facie binding upon such defendants. [Pfaff v. Gruen, 92 Mo. App. 560, 584.] The petitions filed in the justice court are formal pleadings and on account of the fact that they are suits directly upon the Wisconsin judgment they fail to state any cause of action. No question is raised in appellant's brief as to the propriety of the issuance of the writ of prohibition in this case on the ground that this matter could have been raised by appeal from an adverse judgment rendered against relators and a full remedy thus had by relators.

I concur in that part of the opinion holding that the suits were properly brought in an adjoining township to that of the residence of defendants, but put my concurrence in the result reached in the opinion by ARNOLD, J., upon what is said in my concurring opinion alone.