Rundle and another, Respondents, vs. Kennan, Receiver,
Appellant.

*March 23 — April 9, 1891.*

*Mutual insurance company.*

Although the Manufacturers' Mutual Fire Insurance Company of Mil-
waukee never complied with the provisions of ch. 5, Laws of 1887,
so as to become authorized to issue policies as a stock company, for
premiums paid in cash, yet a policy issued by such company for a
cash premium, the assured not giving any premium note or obliga-
tion to pay his *pro rata* share of expenses and losses, as required by
the articles of association, is not *ultra vires*, but is valid and bind-
ing upon the company, because the statute (sec. 1941e, S. & B. Ann.
Stats.) makes all the property insured liable to assessment to pay
losses, and all persons insured members of the company.

APPEAL from the Superior Court of *Milwaukee* County.
In an action brought by the plaintiffs and respondents to
wind up the affairs of the Manufacturers' Mutual Fire In-
surance Company of Milwaukee as an insolvent corporation,

the appellant *Kennan* was appointed receiver. A claim having been filed for a loss under a policy issued by the company on an all-cash premium plan, without mutual provisions, and without requiring or receiving from the assured any premium note or obligation to pay their *pro rata* share of expenses and losses, the receiver moved to strike out such claim, on the ground that the policy was void, but the trial court held it valid, and the receiver appealed from that decision.

It appeared that the company was organized in December, 1886, under the provisions of secs. 1941*a* to 1941*g* of the Revised Statutes, and that it never complied with ch. 5, Laws of 1887, which was intended to authorize it to issue policies as a stock company, but that it did much of its business in that form.

For the appellant there was a brief by *Stark & Sutherland*, and oral argument by *George E. Sutherland*. They argued that the statute under which the company was organized authorized it to do only a specific kind of insurance; that in which each person insured becomes a member of the company, and an insurer of all the other members, bound to pay *pro rata* with them toward all expenses and losses, and his insured property liable to assessment therefor. *Susquehanna Ins. Co. v. Perrine*, 7 Watts & S. 348, 351. The policy here involved is a straight stock policy, containing no mutual features, and one which the company had no authority to issue. It is therefore void. *Mutual B. L. Ins. Co. v. Davis*, 12 N. Y. 574; *Eddy v. Insurance Co.* 72 Mich. 651; *Andrews v. Union Mut. F. Ins. Co.* 37 Me. 256; *Luthe v. Farmers M. F. Ins. Co.* 55 Wis. 546.

For the respondents there was a brief by *Turner & Timlin*, and oral argument by *W. J. Turner*. They contended that the company is estopped to deny the validity of this policy. 2 Morawetz, Corp. secs. 689 *et seq.* And the policy is valid within the principle of *Spruance v. Farmers' &*

*M. Ins. Co.* 9 Colo. 73; *Russel v. Berry*, 51 Mich. 287; *Union Ins. Co. v. Hoge*, 21 How. 35; *Mygatt v. N. Y. Prot. Ins. Co.* 21 N. Y. 53.

COLE, C. J.    The single question presented on this appeal is whether the policy of insurance issued by the Manufacturers' Mutual Fire Insurance Company was valid and binding on the company.    If it was, the order of the superior court must be affirmed, because there was a valid claim founded on the policy against the company which the receiver represents.

The company was organized under sections 1941a–1941g, S. & B. Ann. Stats., as a mutual insurance corporation.    It is admitted that the company never complied with ch. 5, Laws of 1887, so as to have the right to issue policies as a stock company, where the premiums are paid in cash at the time of insurance, as distinguished from a mutual company. But in this case the premium was paid in cash, no premium note or obligation being given by the insured to pay future assessments for losses.    Sec. 1941c contemplates that such a note or obligation would be given by the insured, and the question is, Does the payment of the premium in cash and the failure to give a note or obligation take the policy out of the mutual principle, or is the insured still a member of a mutual insurance company?

The solution of this question depends entirely upon the provisions of our statute.    We have just referred to the section which clearly contemplates and provides that all persons insured shall give their obligations to the company, binding themselves, their heirs and assigns, to pay their *pro rata* share of the necessary expenses and losses of the company.    This was the proper way of doing business as indicated by the statute, and, where the business was so conducted, there could be no doubt but that the company was simply a mutual company, the mutual principle, as it is

called, applying to the contract. The members of the company would all be bound to contribute to pay the losses sustained by the company, and would form a mutual insurance company in the strict legal sense of those words. Now, did the statute stop here, the argument would be well founded, that the insured in this case merely paid cash for his respective risk and was not bound to contribute further towards paying the losses of the company, but really stood upon the same footing as he would in a stock company. But sec. 1941*e* provides, among other things, that " whenever the amount of any loss has been ascertained, which requires an assessment to be made, then the president and the officers of the corporation shall make an assessment, sufficient to pay such loss, upon all the property insured, according to the amount for which each several piece of property is insured, taken in consideration with the rate of premiums under which it may have been classified." A previous section gives the corporation power to classify property insured corresponding to the risk, and the clause just quoted authorizes an assessment to pay losses and expenses upon the property insured without any exception. The effect of this provision is to make a cash policy-holder a member of the company and liable to pay assessments for losses. We cannot perceive how it is possible to escape this conclusion, or to give the statute any other construction than to hold that it in terms makes the cash policy-holder a member of the company, subject to assessment the same as though he had given his note or other obligation, as it was contemplated should be done. This would fully meet the theory of a mutual insurance company and constitute every person insured a member, and the articles of incorporation seem to go on the same principle, for they provide that all persons who may be insured in the company shall be members thereof during the period of their insurance,

and shall be entitled to one vote at the annual meeting of the company for each $1,000 insurance they may have in the company. Sec. 9, Articles of Incorporation. Thus any person holding a policy issued by the company is made a member of the corporation, and entitled to vote therein, irrespective of the question whether the premium was paid in cash or by premium note.

It is true the articles also provide that all persons insured in the company should give their obligations to pay a *pro rata* share of the necessary expenses and losses, and this was undoubtedly the plan on which it was supposed the business would be conducted, but still we have the provision which authorizes assessments upon all property insured, without any exception, sufficient to pay losses, and thus making the cash policy-holder a member of the company, and also making the corporation a mutual insurance company. The basis of the assessment is, according to the statute, or may be, the property insured. The learned counsel for the receiver admits, if this is the correct construction of the statute, that then the policy in question was not *ultra vires*, but was one which the company had power to issue, and we certainly think that the company had the power to issue it, and that a loss under it is a legal claim against the company. Although the sum of $17.50 was paid when the policy was issued, this would not exempt the insured from further liability to pay assessments. The statute under which the company was organized imposed this responsibility, and the law became a part of the contract and one of the conditions of the policy, expressly so declared. Of course, that would have been the case in the absence of any such declaration in the policy, but it shows that the parties intended that resort should be had to the statute to determine their rights and obligations, and, upon the statute, the conclusion seems irresistible that

each person insured became a member of the company, and was liable to be assessed on the statutory basis for losses and expenses.

We have examined the cases referred to by counsel, but, as the question turns upon the construction of our own statute, we shall not refer to them. The cases of *Mygatt v. N. Y. Pro. Ins. Co.* 21 N. Y. 52, and *Union Ins. Co. v. Hoge*, 21 How. 35, are instructive, and sustain the views which we have expressed.

*By the Court.*— The order of the superior court is affirmed.