APPLICATION OF WHITMAN: YELLOW CAB COMPANY, Appellant, vs. SMITH, Commissioner of Insurance, Respondent.

*October 17, 1924—April 7, 1925.*

*Appeal: From interlocutory order or decree: Liquidation of mutual insurance company: Decree assessing policy-holders: Review: Questions first raised on appeal: Waiver.*

1. A decree or order of the circuit court liquidating an insolvent mutual insurance corporation formed under chapters 86 and 89 of the Statutes of 1913, under the direction of the insurance commissioner pursuant to sec. 1970*m,* which formed the basis of the obligation of policy-holders, was final and binding on policy-holders and not subject to collateral attack, though

Application of Whitman, 186 Wis. 434.

the policy-holders were not expressly made parties to the proceedings; the corporation, to all legal intents and purposes, representing them.  p. 438.

2. Such decree, disposing of the entire matter of the assessment of policy-holders and leaving undetermined only certain matters of computation, was in the nature of an interlocutory decree, under sec. 2883, Stats. 1913, and hence was appealable under sec. 3047.  p. 439.

3. The decree entered herein, however, will not be reviewed on the appeal of a policy-holder who had due notice but did not participate in the proceedings, or who took no steps in the trial court to have the decree modified or vacated, as the question now presented, as to whether members should be assessed for claims and expenses paid by the company prior to the time the insurance commissioner took charge, was not raised in the trial court, and the appellant having thus slept on its rights and failed to present the law on which it now relies or to introduce any evidence, the appeal will not be considered.  p. 440.

APPEAL from a decree of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge.  *Dismissed.*

The appeal is by the *Yellow Cab Company* of Minneapolis from an interlocutory decree made by the circuit court.

For the appellant there were briefs by *Kaumheimer & Kenney* of Milwaukee, and oral argument by *R. I. Kenney.*

For the respondent there was a brief by *Lenicheck, Boesel & Wickhem,* attorneys, and *Frank T. Boesel,* of counsel, all of Milwaukee, and oral argument by *Mr. Boesel.*

The following opinion was filed January 13, 1925:

DOERFLER, J.  "The Automobile Liability Company, Limited," is a corporation organized under chs. 86 and 89 of the Statutes of 1913, authorized to do business as a domestic insurance company on a mutual plan, and to insure automobile risks such as public liability, property damage, fire, theft, and collision.  Its principal office and place of business is in the city of Milwaukee.

In the year 1922 the company became insolvent, and the insurance commissioner of the state of Wisconsin, under the

provisions of the statutes, made an application to the circuit court for Milwaukee county, by petition, to have such insolvency declared and to authorize him to take possession of all of the assets of the company for the benefit of creditors and of the policy-holders and to liquidate its affairs. Upon a hearing pursuant to an order to show cause why the prayer of the petitioner should not be granted, the company appeared by its counsel, and after due hearing the court ordered and decreed, among other things, that the company be liquidated under the direction of the insurance commissioner, pursuant to the provisions of sec. 1970m, Stats., and that such commissioner be vested with the title to all the assets of whatever nature of said company, and authorized to do any and all things that might be necessary in accordance with law for the speedy and proper liquidation of the affairs of such company. The petitioner then filed a petition in said court for the purpose of obtaining an order of assessment against the various policy-holders, and the court thereupon issued an order to show cause why the prayer of the petitioner should not be granted, and such order to show cause was, pursuant to the order of the court, duly published in certain newspapers in the city of Milwaukee once a week for three successive weeks. Such last named petition duly came on before the court for hearing and was duly heard. At such hearing the insurance commissioner presented in detail his various computations, which were received and offered in evidence. There were also introduced the records of the company, and a number of insurance experts were called and testified as to the nature and proper method of levying the assessments. The court thereupon ordered and decreed, among other things, that there be levied an assessment upon all the members or policy-holders of said company who were such at any time between the 4th day of September, 1915, and the 2d day of March, 1922, in the sum of $421,958.10, for the purpose of paying and adjust-

ing all the claims and expense of litigation of the company, and the decree then ordered:

"That each of said members and policy-holders . . . be and they are hereby assessed for the said members' or policy-holders' ratable proportion of the claims and expenses incurred during each policy year, not provided for by the funds of the company, but in no event to exceed one additional annual premium for any one policy year, nor to extend beyond the beginning of the policy, nor after the time for which the policy was written, nor after the date of its cancellation, and that the said claims and expenses in excess of the income of the said company during the period aforesaid be determined according to their accrual by monthly periods; . . . that the following percentages of the amount of the annual or earned premium or premiums, of each member or policy-holder of said Automobile Liability Company, be and they are hereby assessed against said members or policy-holders as the ratable proportionate share of said members or policy-holders, for claims and expenses, including liquidation expenses, incurred and arising for and during the respective periods during which said policies were in force, and not provided for by the funds of the company, said percentages being computed on a monthly basis as follows, to wit:"  (Then follows a schedule of computations on monthly basis as indicated by said decree.)

The commissioner further, by said order, was directed to compute the respective amounts of assessments against the members or policy-holders upon the foregoing basis, and to collect the amounts from the respective members or policy-holders so ascertained.

Due notice was given under the statutes for all claimants or creditors to present their claims, and the claim of the Automobile Liability Company was duly filed.  Upon the hearing of the order to show cause to determine the amount of the assessment the insurance commissioner appeared by his counsel, and several of the policy-holders appeared by counsel with respect to claims of their respective clients, which did not in any way involve the question attempted to

be raised by this appeal.   The appellant herein did not appear upon such hearing, but subsequent to the entry of the order or decree took the necessary steps for an appeal, which is based upon the contention that the court erred in assessing members for claims and expenses that were paid by the company prior to the time that the insurance commissioner took charge of the affairs and property of the company.

Counsel for the commissioner take the position that the action of the circuit court in determining and fixing the assessment, whether it be deemed an interlocutory decree or an order, is not appealable.   The proceedings of the commissioner were begun by petition.   They are highly equitable in their nature.   The object designed to be attained by the petition is to raise the necessary funds to enable the commissioner to pay legitimate claims and the costs of liquidation, and to apportion the necessary amounts required for that purpose among the various policy-holders in accordance with their legal obligations.   While the policy-holders were not expressly made parties to the proceedings, it will appear from the authorities hereafter cited that the corporation itself, to all legal intents and purposes, represented the policyholders.   The decree or order of the court formed the basis upon which the obligation of each policy-holder was determined; therefore, if the policy-holders were in court, either in person or by legal representation, such order or decree becomes final and binding upon them unless modified either by the trial court or the appellate court.   Such decree or order, therefore, to the extent that it fixes the amount of the assessment, becomes final unless modified as aforesaid, and cannot be set aside by any collateral attack.   It was so held in the case of *Parker v. Stoughton M. Co.* 91 Wis. 174, 64 N. W. 751.   In 6 Fletcher, Corp. p. 7090, § 4120, it is said:

"According to the weight of authority, a call or assessment made by the court in receivership or insolvency proceedings, or in bankruptcy proceedings, or by a trustee,

Application of Whitman, 186 Wis. 434.

receiver, or assignee under its direction, is binding and conclusive upon all the stockholders as to the necessity for and amount of the assessment and all other matters necessarily decided in making it, in suits subsequently brought against them to recover their proportion of the assessment, and is not open to collateral attack. And this principle applies to stockholders who are residents of other states as well as to resident stockholders. The corporation represents the stockholders under such circumstances and hence the stockholders are bound, although they have no notice of the proceeding in which the call or assessment is made and are not personally made parties to it."

See, also, *Great Western Tel. Co. v. Purdy,* 162 U. S. 329, 16 Sup. Ct. 810; *Hawkins v. Glenn,* 131 U. S. 319, 9 Sup. Ct. 739; *Glenn v. Liggett,* 135 U. S. 533, 10 Sup. Ct. 867; *Glenn v. Marbury,* 145 U. S. 499, 12 Sup. Ct. 914.

In 23 Cyc. 1062, the distinction between a collateral and a direct attack is shown in the following language:

"The term 'collateral' as used in this connection is opposed to 'direct.' If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it. Such is a motion or other proceeding to vacate, annul, cancel, or set aside the judgment, or any proceeding to review it in an appellate court, whether by appeal, error, or *certiorari,* or a bill of review, or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success, then the attack upon the judgment is collateral."

Under the provisions of sec. 2883, Stats., it would also appear that the determination of the court was in the nature of an interlocutory decree. It practically, as far as the policy-holders are concerned, disposed of the entire matter of the assessment and left undetermined only certain matters of computation. Sec. 2883 provides:

"In case of a finding or decision substantially disposing of the merits, but leaving an account to be taken, or issue

of fact to be decided or some condition to be performed, in order fully to determine the rights of the parties, an interlocutory judgment may be made, disposing of all issues covered by the finding or decision, and reserving further questions until the report, verdict, or subsequent finding."

Such an interlocutory decree is appealable under the express provisions of sec. 3047.

The troublesome question which occurs to us is whether this appeal should be considered by this court. The appellant had due notice of the insolvency proceedings, and, pursuant to the order of the court requiring claims to be presented and filed, it appeared in such proceedings and filed its claim. After due notice, pursuant to the order of the court, the matter of the determination of the petitioner's prayer was brought on for hearing before the court. The appellant did not appear or in any manner participate in such proceedings. The commissioner presented all of the evidence in the case in support of the allegations of this petition, and the court thereupon proceeded with its decision. After the entry of the decree appellant made no motion and took no proceedings to vacate, annul, cancel, or set aside the decree, nor did it bring an equitable action to modify or annul the decree. Had it appeared in the trial court and made a proper application and shown a reasonable excuse for its default, relief undoubtedly would have been granted by the lower court. Courts are not infallible, and if appellant's counsel had appeared on the hearing and made a proper showing by the introduction of evidence, or had cited to the court the law which he now presents in his brief, it is not at all impossible that the court would have modified its decree. After having slept upon its rights, appellant comes to this court and here raises the issue presented in its brief, for the first time.

In *Cappon v. O'Day,* 165 Wis. 486, 162 N. W. 655, it is said:

"One of the rules of well nigh universal application established by courts in the administration of the law is that

questions not raised and properly presented for review in the trial court will not be reviewed on appeal.   3 Corp. Jur. 689. The reason for the rule is plain.   If the question had been raised below, the situation might have been met by the opposite party by way of amendment or of additional proof.   In such circumstances, therefore, for the appellate court to take up and decide on an incomplete record questions raised before it for the first time would, in many instances at least, result in great injustice, and for that reason appellate courts ordinarily decline to review questions raised for the first time in the appellate court."

That this rule is of universal application is readily seen from an examination of the numerous authorities in the various courts of last resort, cited in Corpus Juris, *supra.* The issue involved in this case is an important one.   Had the question been properly raised in the court below, as already indicated, it is not unlikely that the evidence introduced in behalf of the insurance commissioner would have differed very materially from the evidence as it now appears in the record.   He might also have been persuaded that his theory of assessment was inequitable, and the court might have come to different conclusions.   In other words, it is not impossible that a result might have been achieved which would have been entirely satisfactory to the appellant.   For these reasons we have concluded not to consider the appeal, but to order the same to be dismissed.

*By the Court.*—Appeal dismissed.

A motion for a rehearing was denied, with $25 costs, on April 7, 1925.