MILTON A. FREEDY, Commissioner, etc., Appellant, v. TRIMBLE-COMP-
TON PRODUCE COMPANY, a Corporation.—46 S. W. (2d) 822.

Division Two, February 17, 1932.

*Wm. C. Forsce* and *Forsee & Forsee* for appellant.

*Leslie J. Lyons, Donald E. Lyons* and *Mont Clair Spear* for respondent.

FITZSIMMONS, C.—The question for decision is the sufficiency of an amended petition founded upon an assessment decree of the Circuit Court of Milwaukee County, Wisconsin, against policyholders and former policyholders of an insolvent mutual insurance company. The Circuit Court of Jackson County, Missouri, sustained a demurrer to the amended petition. Plaintiff refused to plead further and took an appeal to the Kansas City Court of Appeals from the judgment of dismissal. The majority of the appellate court held that the petition stated a cause of action. [Freedy v. Trimble-Compton Produce Co., 32 S. W. (2d) 147.] But the dissenting member of the court certified the cause to this court for the reason that the majority opinions were said to be in conflict with certain controlling opinions. This is the second appeal of this cause. Upon the first appeal, the Kansas City Court of Appeals reversed the judgment of the trial court in favor of plaintiff and remanded the cause for the reason that the petition upon which the first trial was had did not state a cause of action. [Smith v. Trimble-Compton Produce Co., 9 S. W. (2d) 865.] Upon the return of the cause to the trial court, plaintiff filed the amended petition, the sufficiency of which, as has been said, defendant challenged by demurrer. The assessment decree upon which the cause rests also was before the Kansas City Court of Appeals in the appeal of a prohibition proceeding. [State ex rel. Wallace v. Summers, 9 S. W. (2d) 867.] Each of the three mentioned appeals to the Court of Appeals brought forth separate

opinions, and a special judge wrote the main opinion in the instant appeal. The amount here sued for is $251.61, and the action was begun before a Justice of the Peace in Jackson County. But we are told in briefs and oral argument that many other cases, pending or impending, are abiding the outcome of this one. The case of State ex rel. Wallace v. Summers, 9 S. W. (2d) 867, gives signs of numerous persons situated similarly to defendant here. The substantive parts of the amended petition under examination are as follows:

Plaintiff Freedy is the Insurance Commissioner of the State of Wisconsin and as such he is in charge of the affairs of the Automobile Liability Company, Limited Mutual, a Wisconsin corporation. Defendant, a corporation having its domicile in Kansas City, Missouri, took out seven policies of insurance with the Liability Company, covering drivers' risks upon motor vehicles owned or operated by defendant. These policies were for terms of one year or less and they expired respectively on December 5, 1918, December 5, 1919, May 24, 1919, December 28, 1919, December 5, 1920, December 5, 1921 and February 18, 1922. The four earlier policies contained the following clause: " '(a) In addition to the stipulated premium charged and collected annually in advance on each policy, there shall be a mutual liability of the member under such policy for his ratable proportion of the claims and expenses incurred during each year of membership not provided for by the funds of the company, but in no event to exceed one additional premium, for any one policy year. The determination of the board of directors of such ratable proportion due shall be final and conclusive. In the event of the termination of membership, there shall be a contingent liability of the person or company named in the policy for the ratable proportion of all claims actually incurred during such membership, including claims arising during such membership.' "

The last two policies contained the following clause:

"Section 1. In addition to the required premium specified in each policy of insurance, there shall be a mutual liability of the member specifically named in the said policy for the member's ratable proportion of the claims and expenses incurred during each policy year, not provided for by the funds of the company, but in no event to exceed one (1) additional annual premium for any one policy year, nor to extend beyond the beginning of the policy, nor after the time for which the policy was written, nor after the date of its cancellation. The determination of the board of directors of such ratable proportion due shall be final and conclusive."

A pleaded section of the Wisconsin Statutes pertaining to mutual insurance companies declares "that every person, corporation, association or partnership insured shall be a member and shall have

one vote." In the case of any domestic insurance company that may be insolvent or that may be found upon examination to be in such a condition that its further transaction of business will be hazardous to its policyholders or to its creditors or to the public, or which may wilfully have violated its charter or the laws of the State, the Insurance Commissioner, under authority of certain pleaded Wisconsin Statutes, more particularly Section 1970M, may apply by verified petition to the Circuit Court of the County in which the home office of the accused company is located for an order directed to the company requiring it to show cause why the Commissioner should not take possession of its property and conduct its business and for other relief. The court, at any time after the original application and issuance of the order to show cause, may enjoin the company from the transaction of business or the disposition of its property, and the court may authorize the Commissioner to take immediate possession of the property and to conduct the business of the company until the further order of court. The pleaded statute (Sec. 1970M), further provides:

" '(c) On the return of such order to show cause, and after a full hearing, the court shall either deny the application or direct the commissioner forthwith to take possession of the property and conduct the business of such company or society, and retain such possession and conduct such business until on the application of the commissioner or of such company or society, it shall after a like hearing appear to the court that the ground for such order has been removed and that such company or society can properly and safely resume possession of its property and the conduct of its business. Liquidation. 3. If, on a like application and order to show cause, and after a full hearing, the court shall order the liquidation of the business of such corporation, such liquidation shall be made by and under the direction of the commissioner, who may deal with the property and business of such company or society in his own name as commissioner, or in the name of the company or society, as the court may direct, and shall be vested by operation of law with the title to all the property, contracts and rights of action of such company or society, as of the date of the order so directing him to liquidate. The filing or recording of such order shall impart the same notice that a deed, bill of sale, or other evidence of title duly filed or recorded by such company or society would have imparted.' "

'On or about March 2, 1922, Platt Whitman, then Insurance Commissioner of Wisconsin, took possession of The Automobile Liability Company, Limited Mutual. The Circuit Court of Milwaukee County, Wisconsin, in certain proceedings instituted by Whitman and in which the Liability Company was a party defendant, made an order

on April 1, 1922, declaring the company insolvent and directing its liquidation. Under the terms of this order the Insurance Commissioner was invested with the title to all the property, rights of action, claims and assets of every nature of the Liability Company with authority "to deal with said property, contracts, rights of action and assets in his own name as Commissioner of Insurance to the same extent and effect as could be done or exercised or claimed by the said 'The Automobile Liability Company, Limited Mutual,' in the full exercise of its corporate powers prior to the entry of said order." The petition also charges that pursuant to the terms of the order the Commissioner was "authorized and empowered to collect all moneys, claims and demands due said company outstanding at the date of said order, with full power to do all such acts as might in his judgment be necessary in the premises to conserve and protect the assets and business of said company and to liquidate the same." It is alleged that the Liability Company and also "some of its policyholders of the same class as the defendant hereinabove named," appeared and took part in the proceedings leading up to the order of April 1, 1922.

The amended petition further recites: "That on the 30th day of October, 1923, the said Circuit Court of Milwaukee County, State of Wisconsin, duly made its decree of assessments in said liquidation proceedings in and by which it was determined that it was necessary to make, and it did make, pursuant to law and the terms and conditions of said policies, an assessment to pay the debts of the company and the claims filed and expenses, and expenses of liquidation of the said company, on all who were members or policyholders of the said The Automobile Liability Co., Limited Mutual, at any time between the 4th day of September, 1915, and the 2nd day of March, 1922, in the sum of $421,958.10, and each of said policyholders was assessed a proper proportionate share thereof.

"That in and by pursuant to said decree defendant herein was duly and legally assessed and charged with" certain sums on his several policies aggregating $253.61, "which said assessment for said amount remains a final and binding judgment against defendant and is herein sued for as such."

The petition asks judgment for the amount stated, "together with interest at six per cent per annum from the date of said judgment."

Defendant's demurrer pleads that on the face of the amended petition plaintiff was not authorized to maintain his suit in this jurisdiction; that the Wisconsin court did not acquire jurisdiction over defendant and had no power to render judgment against him; that the pleaded Wisconsin Statutes do not authorize the judgment; that plaintiff has no cause of action and the petition states no cause;

that the justice of the peace before whom the action was begun acquired no jurisdiction of defendant, and therefore his judgment was void, and the Circuit Court of Jackson County, Missouri, had no jurisdiction of defendant.

I. The test of this demurrer is in the answer to the question whether defendant was bound by the assessment decree of the Circuit Court of Milwaukee, Wisconsin. That court had jurisdiction of the Automobile Liability Company, and proceeded according to the Statutes of Wisconsin in making an assessment. The assessment is binding upon all policyholders whom it affects and who are subject to the jurisdiction of the Milwaukee court on the principle of representation by the Liability Company. Is defendant such a person? If it is, it is bound, subject only to certain personal defenses which it may or may not have. To rule otherwise would be in violation of Article IV, Section 1 of the Constitution of the United States which provides that:

"Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state. And Congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved and the effect thereof." In the exercise of the power so conferred, Congress, besides providing the manner in which the records and judicial proceedings of the courts of any State shall be authenticated, has enacted that "the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States, that they have by law or usage in the courts of the State from which they were taken." [Act of May 26, 1790, chap. 11; 1 Stat. 122; R. S., sec. 905.] The St. Louis Court of Appeals in a scholarly and profound opinion of first impression on the liability of stockholders in one state to statutory obligations of another state, the domicile of the corporation, observes: "But one cannot read the cases on this subject without being convinced that the drift is more and more towards qualifying this doctrine so as to make shareholders answer to corporate creditors in the courts of sister states, and to brush away the difficulties and dangers of attempting to hold them as often, though not always, purely technical, imaginary, and derogatory to justice." [Pfaff v. Gruen, 92 Mo. App. 560, 69 S. W. 405, l. c. 408.] But, the high plane and lofty spirit of that opinion is not lowered by the patent fact that the Supreme Court of the United States has done much to stabilize the law by the frequent invocation of Article IV, Section 1 of the Federal Constitution against State courts which were held to have failed in the proper degree of credit, given to the public acts and proceedings of a sister state. [See Converse v. Hamilton, 224 U. S. 243, reversing 136 Wisconsin,

589; Marin v. Augedahl, 247 U. S. 142, reversing 32 North Dakota, 536, and Hartford Life Insurance Co. v. Barber, 245 U. S. 146, reversing 269 Mo. 21.]

The Supreme Court of the United States in Converse v. Hamilton, 224 U. S. 243, stated: "This court looks to the Constitution and statutes of a State and the decisions of its courts to determine the nature, extent and method of enforcing the liability of stockholders of a corporation of that State." The demurrer here compels us to make a like inquiry to determine the nature of the liability of defendant as a former member and policyholder of the Automobile Liability Company, a Wisconsin Corporation. We say "former member and policyholder," because plaintiff's amended petition reveals that defendant's latest policy expired February 18, 1922, and the Insurance Commissioner of Wisconsin took charge of the Liability Company and began proceedings on March 2, 1922. Section 1897C of the Wisconsin Statutes is in part as follows:

"I. The articles of a mutual insurance company shall provide: (a) That every person, corporation, association or partnership insured shall be a member and shall have one vote." Plaintiff pleads paragraph (a) of this Statute but omits the clause that the articles of association shall so provide. That membership in a Wisconsin Mutual Company is not merely a relation of insurer and insured is shown by statutes which give members a voice in the amendment of articles of association (Sec. 1897C, 1 (b) ), also a right to participate in all meetings of the corporation (Sec. 1897E, 2), and, upon dissolution, a share in the assets in excess of liabilities (Sec. 1897K). Since by statute, partly pleaded, the articles of association of the Automobile Liability Company provide that every person insured in that company shall be a member, it follows that when such person is no longer insured, his policy having expired, he ceases to be a member. It is true as plaintiff contends that a call or assessment made by a court in receivership or insolvency proceedings is binding upon all shareholders of a stock company and upon all members of a mutual company as to the necessity for and amount of assessment. And this principle applies to the stockholders or members who are residents of other states as well as to stockholders or members who are residents of the state that is the domicile of the company. The corporation represents the stockholders or members and hence they are bound although they may have had no notice of the proceedings in which the call or assessment is made and although they are not personally made parties to it. 6 Fletcher's Cyclopedia of the Law of Private Corporations, section 4120, page 7091. The theory of the subjection of the non-resident stockholder or member to the jurisdiction of the court of the domicile of the corporation is stated in Hawkins v. Glenn, 131 U. S. 319, l. c. 329. In this case, an assessment ordered

by a Virginia court having the corporation before it was sustained as against stockholders residing in another state and not personally brought into the suit on the ground that a "stockholder is so far an integral part of the corporation that, in the view of the law, he is privy to the proceedings touching the body of which he is a member," citing and quoting Sanger v. Upton, 91 U. S. 56. And the same theory is quoted and adopted in Marin v. Augedahl, 247 U. S. 142, l. c. 151. The latter case and others declare that a foreign judgment of the sort here in question cannot be impeached collaterally either in or out of the State in which it was rendered upon the ground that the judgment was based on a mistake of law. [242 U. S. 142, l. c. 150.] But it concedes that such a judgment may be attacked collaterally by showing an absence of jurisdiction of person or subject-matter. [242 U. S. 142, l. c. 151, citing Thompson v. Whitman, 85 U. S. 457, and National Exchange Bank v. Wiley, 195 U. S. 257.] A group of kindred cases subjected to the liability of an assessment judgment rendered by a Minnesota court, stockholders who had transferred their shares in good faith before the commencement of the action in which the assessment was made. But the authority for this was found in a statute of Minnesota providing that a transfer of shares "shall not in any way exempt the person making such transfer from any liabilities of said corporation which were created prior to such transfer." [Selig v. Hamilton, 234 U. S. 652; Converse v. Hamilton, 224 U. S. 243; Bernheimer v. Converse, 206 U. S. 516.] No Wisconsin statute like to the quoted Minnesota Act applicable to former members of a mutual insurance company is pleaded or was found in a diligent search of the published laws of Wisconsin.

Another less serious aspect of the question of jurisdiction is to be found in the fact that Section 1970M of the Wisconsin statutes which is fully set out in the amended petition, and is partly quoted above, provides for two orders to show cause. One such order is to be made at the beginning of the proceedings and raises the issue whether the Insurance Commissioner should take charge and operate the business. The other order to show cause may be made at a later date and it raises the issue of liquidation. So far as the amended petition discloses only the first order to show cause was made in the proceedings against The Automobile Liability Company instituted by Platt Whitman, plaintiff's predecessor in office. And plaintiff relies on this order to bind defendant to the subsequent proceedings. Although the demurrer must be ruled on the pleadings presented, without any aids or evidence of any kind, it is not amiss to note here that in fact there was made another and further order to show cause why policyholders should not be assessed. A case to which plaintiff makes frequent reference is entitled In re Application of Whitman, 186 Wis. 434, 201 N. W. 812. This was an appeal to the Wisconsin Supreme Court from the same assessment decree upon which this

case turns. Of the preliminaries for the assessment the opinion states (186 Wis. 1. c. 436) : ''The petitioner then filed a petition in said court for the purpose of obtaining an order of assessment against the various policyholders, and the court thereupon issued an order to show cause why the prayer of the petitioner should not be granted, and such order to show cause was, pursuant to the order of the court, duly published in certain newspapers in the city of Milwaukee once a week for three successive weeks. Such last named petition duly came on before the court for hearing and was duly heard.'' It thus appears that the policyholders (but not former policyholders) were served by publication. This opinion further shows that the Wisconsin Supreme Court regarded only policyholders (of whom appellant Yellow Cab Co. was one) as within the scope of the assessment decree. The court in its opinion says (186 Wis. 434, 1. c. 438) : ''The object designed to be attained by the petition is to raise the necessary funds to enable the commissioner to pay legitimate claims and the costs of liquidation, and to apportion the necessary amounts required for that purpose among the various policyholders in accordance with their legal obligations. While the policyholders were not expressly made parties to the proceedings, it will appear from the authorities hereafter cited that the corporation itself, to all legal intents and purposes, represented the policyholders. The decree or order of the court formed the basis upon which obligation of each policyholder was determined; therefore, if the policyholders were in court, either in person or by legal representation, such order or decree becomes final and binding upon them unless modified either by the trial court or the appellate court.''

II. As has been said assessment decrees are not subject to collateral attacks based upon mistakes of law on the part of the court having jurisdiction of the cause. With this reservation it may be observed that the petition shows that, under the policies, defendant's contingent liability was limited to its ratable proportion of claims and expenses incurred during the respective policy years (all of which years expired before the Insurance Commissioner took action). Yet the decree as pleaded purports to impose upon defendant its share of ''the debts of the company and the claims filed and expenses, and expenses of liquidation of said company.'' It is obvious that the expenses of liquidation could not have been incurred during any of defendant's policy years. The right of defendant to a strict limitation of its contingent liability, whether asserted by the company or by its liquidating officer or by the Milwaukee court, is emphasized by the Wisconsin case of Rundle v. Kennan, 79 Wis. 492, 48 N. W. 516, which is quoted at length in Swing v. Karges Furniture Co., 123 Mo. App. 367, 100 S. W. 662, one of the many cases cited by appellant in support of the amended petition. Rundle v. Kennan, supra, was

an action to recover a loss by a policyholder against the Receiver of a Wisconsin mutual insurance company. The defense was that plaintiff had paid a cash premium and did not (as the statutes required) give to the company a note or obligation binding him to answer, according to the premium on his policy, for the losses and expenses of the company. The Wisconsin Supreme Court, in holding that the plaintiff was liable for his share of losses and expenses and therefore was entitled to recover, quoted statutes of that State governing contributions of mutual policyholders and said: "The members of the company would all be bound to contribute to pay the losses sustained by the company in the strict legal sense of those words." [Rundle v. Kennan, supra, quoted in Swing v. Karges Furniture Co., 100 S. W. l. c. 669.]

III. The Kansas City Court of Appeals, in its main opinion upon this appeal, says [32 S. W. (2d) 147, l. c. 149]: "From all the facts alleged in the amended statement, we regard the pleaded cause of action as one based on the contract of insurance for the recovery of defendant's proportionate contribution to the losses and expenses incurred during the term of the insurance. A demurrer to a petition admits all the facts well pleaded, but does not admit the conclusions of the pleader, nor is the court bound by the pleader's classification of his cause of action, the nature of which will be determined by the court's own analysis of the facts admitted by the demurrer.

"The allegation in the amended statement that a foreign judgment is the cause of action must be disregarded, since the pleaded facts show no judgment was rendered or attempted to be rendered by the Wisconsin court against defendant, and that the court had no jurisdiction to render a final judgment against defendant in an action to which defendant was not a party.

"It follows from what we have said that the learned trial judge erred in sustaining the demurrer to the petition and in dismissing the action.

"The judgment is reversed, and the cause remanded."

We repeat that the demurrer should be ruled by the answer to the question whether the Wisconsin decree was a judgment binding upon defendant. The conclusion of the learned judge who wrote the opinion is contrary to the logic of the law. The petition pleads the judgment as a fact and seeks to subject the defendant in the State of Missouri to the consequences of that judgment. The Supreme Court of Wisconsin In re Application of Whitman, 186 Wis. 434, l. c. 439, said of the assessment decree sued upon: "Under the provisions of Section 2883, of the statutes, it would also appear that the determination of the court was in the nature of an interlocutory decree. It practically, as far as the policyholders are concerned, dis-

posed of the entire matter of the assessment and left undetermined only certain matters of computation. Section 2883 provides:

" 'In case of a finding or decision substantially disposing of the merits, but leaving an account to be taken, or issue of fact to be decided or some condition to be performed, in order fully to determine the rights of the parties, an interlocutory judgment may be made, disposing of all issues covered by the finding or decision, and reserving further questions until the report, verdict, or subsequent finding.'

"Such an interlocutory decree is appealable under the express provisions of Section 3047."

And the Wisconsin Supreme Court dismissed the appeal of Yellow Cab Company because it "made no motion and took no proceedings to vacate, annul, cancel or set aside the decree," before taking the appeal. Neither is the decree "an administrative order," as the separate concurring opinion calls it. [32 S. W. (2d) l. c. 152.] Such orders commonly are not appealable. The construction which the Supreme Court of the Wisconsin gave to the record entry of the Milwaukee Circuit Court should not only be persuasive but controlling in the instant case.

III. Although it is our opinion that the demurrer should be sustained, for the reason that the Circuit Court of Milwaukee County, Wisconsin, did not have jurisdiction over defendant, and therefore that the decree does not bind him, we do not mean to say that plaintiff is wholly without relief. Defendant would be liable, in an action aptly pleaded and timely brought, supported by competent evidence for the ratable proportion of claims and expenses incurred in each policy year. Plaintiff stands in the shoes of the Board of Directors of the Automobile Liability Company and we see no reason in what is before us in this case, why he cannot assert against defendant any contractual obligations which the company by its Board of Directors, might have asserted but for the receivership.

IV. For the reason stated the judgment of the circuit court is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All of the judges concur.