DUEL, Commissioner of Insurance, Respondent, vs. RAMAR BAKING COMPANY, Appellant.*

*March 12—May 1, 1945.*

* Motion for rehearing denied, with $25 costs, on June 15, 1945.

*Daniel H. Grady* of Portage, for the appellant.

For the respondent there was a brief by *Stroud, Stebbins & Wingert* of Madison, and oral argument by *Byron H. Stebbins*.

FOWLER, J.   The insurance commissioner sues to recover the full amount of the defendant policyholder's liability as declared by an assessment made in liquidation proceedings of a mutual insurance company.   Summary judgment for the amount of the assessment was entered.

, The assessment of the total liability of policyholders in the instant company was held lawful in *In re Wisconsin Mut. Ins. Co.* 241 Wis. 394, 6 N. W. (2d) 330.   The defendant resists the judgment on the ground that, (1) his policy was induced by false representations that the company was solvent; (2) the summary judgment is invalid because entered without due process; and (3) the assessment is invalid because for an amount above its statutory liability.

(1) By accepting a policy from a mutual insurance company the holder becomes a member of the corporation.   He thereby becomes liable as a member to the creditors of the corporation according to the statutory provisions and common-law rules fixing the liability of members and remains so liable so long as he permits himself to be such member.   If he was in fact induced to become a member through false representations as to the corporation's solvency, by not moving to be relieved of that liability by cancellation or rescission of his policy, he loses any right he may have had to void the policy by reason of such false representations, although his failure to act to void the policy be due to the fact that he did not become aware of the fraud practiced upon him.   Rights of creditors and other policyholders intervened subsequent to the defendant's becoming a member.   They are innocent of the fraud, and as to them the defendant has no right to cancellation or rescission of his policy, whatever its rights against

the company were had it sought to exercise them. The rule as to liability of policyholders in mutual insurance companies is stated thus in a note in 136 A. L. R. p. 54:

"Fraudulent misrepresentations by an insurance agent inducing one to become a member and policyholder of a mutual insurance company are no defense to an action against him by the receiver or trustee of the insolvent company on an assessment, where the rights of innocent comembers have intervened, and it is essential to their protection that the member's contract, otherwise vitiated by fraud, and therefore voidable, should be sustained."

Pennsylvania and Ohio cases are there cited in support of the text.

While this court has not heretofore applied the rule thus stated to policyholders of a mutual insurance company we now so declare it. We have quite recently declared a like rule as to a stockholder of a bank who was induced by fraudulent representations as to solvency of the bank to subscribe for his stock. *Coyle v. Franklin State Bank,* 213 Wis. 601, 252 N. W. 361. The reasons for the rule there given apply to the instant case. And obviously voidance of membership cannot be permitted after insolvency proceedings are begun, for every policyholder would have equal right with the instant policyholder to void his contract, if not on the ground of fraudulent misrepresentations of solvency, on the ground of mistake of fact as to solvency and there might be no members left to respond to the claims of creditors.

It is true that the basis of the rule applied in the cases of stock corporations is variously stated as estoppel, waiver, and laches, and counsel contends that none of these can exist until the stockholder discovers the fraud. True as to the right as against the corporation itself, but not so as to third persons whose rights arise subsequent to the stockholder's acquisition of his stock. In the *Franklin State Bank Case, supra,* a lapse of five months occurred between the acquisition of the plain-

tiff's stock and the institution of the liquidation proceedings. This was held to estop the plaintiff from asserting the fraud. Here the delay was two and one-half years. As between any two parties an estoppel arises when the conduct of one of them, whatever it is, operates to his own advantage and to the disadvantage of the other. In the instant case mere delay in resorting to the remedy of cancellation for fraud so operates as to all creditors whose claims arose subsequent to issue of defendant's policies and as to all other policyholders whose policies were so issued. The latter therefore may assert estoppel by mere delay even though the company could not were the case one for cancellation brought by a policyholder against the corporation alone while it was doing business.

(2) The claim here seems to be that because the judgment gives the right to issue execution and levy upon the defendant's property, the summary nature of the judgment involves a denial of due process. A summary judgment is no more without due process than a judgment upon verdict after trial. Both are based upon due service of a summons. The same service that constitutes due process for judgment upon a verdict, constitutes due process for the summary judgment. Any other claim of want of due process was necessarily involved in the decision in 241 Wis. 394, 6 N. W. (2d) 330, *supra.* It was not there contended that the assessment involved in that order was void for want of due process, and that decision does not prevent defendant from asserting it here. But it is not here alleged that the order of assessment was void for want of such notice as at common law is requisite to due process. It is recited in the opinion in the former case at page 399 that due notice was given of the hearing upon which the order was entered, and no want of such notice being here alleged we shall assume that the common-law requisites of due notice were complied with. Jurisdiction of a court of general jurisdiction is presumed in absence of express allegation and claim to the contrary.

(3) The claim of defendant considered under this head is stated in its brief by the following question, which the trial court in effect answered "Yes" and the defendant contends should be answered "No:"

"Is a summary judgment properly rendered . . . where, as here, the complaint fails to allege the definite amount due from the defendant as its proportionate share of the liability and losses sustained by the insurer during the period covered by the policy, and where, as here, there is no proof by affidavit or otherwise of the definite amount due in this action at law as basis for judgment."

The order made in the liquidation proceedings precludes the defendant from raising the question above stated. That order is conclusive as to the validity of the assessment and the amount thereof. This conclusion follows from the facts of record herein and the law applicable under those facts.

The defendant, while denying that it owes anything upon the assessment sued upon, admits, either expressly or by not denying, the allegations of fact made in the complaint which form the basis of its assessment. One of these allegations is that in proceedings conducted by the plaintiff in liquidation of the company an order was made determining that the company was insolvent and that the holders of policies issued by the company between specified dates were liable for the company's obligations and the expenses of liquidation, and that the amount necessary to be assessed against such policyholders to pay said obligations and expenses is one hundred per cent of the aggregate earned premiums on their policies during the period they were in force, which is the full extent of their statutory liability. The said order further adjudged that the amount of each such policyholder's assessment should be computed and assessed at one hundred per cent of the earned premiums of his such policies while they were in force and that the assessment against the defendant was so computed and made. The complaint also specifies the defendant's several

policies issued during the said period, alleges the times they were in force and the amount of their earned premiums while in force and that the defendant's assessment was for one hundred per cent of the aggregate of its such earned premiums. The complaint also alleges due demand for payment of said assessment and that the amount thereof remains unpaid except a part paid by another company, and demands judgment for the remainder of the assessment. The complaint thus plainly states a case for recovery of this remainder which is specifically alleged.

While defendant is not named as party defendant in the liquidation proceeding and no summons was served upon it and it made no appearance therein by person or attorney it had the right to appear therein and be heard as to the amount of the assessment against it. An assessment in liquidation proceedings of a stock corporation "is binding and conclusive upon all the stockholders as to the necessity for and amount of the assessment and all other matters necessarily decided in making it, in suits subsequently brought against them to recover their proportion of the assessment, and is not open to collateral attack." 13 Fletcher, Cyc. Corp. (perm. ed.) p. 523, sec. 6092. This is the rule in Wisconsin. *Parker v. Stoughton Mill Co.* 91 Wis. 174, 64 N. W. 751. The reason for the rule as to stock corporations applies equally to mutual insurance corporations and that rule as above quoted from Fletcher, was expressly applied to policyholders of a mutual insurance corporation in *Application of Whitman,* 186 Wis. 434, 201 N. W. 812.

The complaint having stated a cause of action and the plaintiff having by affidavit presented a copy of the order of the circuit court determining the amount of the assessment against the defendant; and the defendant by answer having admitted all allegations of fact made in the complaint upon which its assessment is based and not having by affidavit denied the making of the order of assessment as set forth by copy

in plaintiff's affidavit; and the only defenses alleged in the answer being invalid as matter of law, no issue of fact was presented for trial, and the case was properly one for entry of a summary judgment. Sec. 270.635, Stats.

*By the Court.*—The judgment of the circuit court is affirmed.

